IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH RUTH,

    Plaintiff,

v.                                                            Civ. No. 18-1017 KK/JFR

GALLES CHEVROLET COMPANY,

    Defendant.

## ORDER GRANTING MOTION TO SEAL

THIS MATTER is before the Court on Defendant's Unopposed Motion to Seal Plaintiff's Response to Galles Chevrolet Company's Motion for Summary Judgment (Doc. 58), filed March 19, 2020. The Court, having considered the motion, the record, and the relevant law, finds that the motion is well-taken and should be GRANTED.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). ). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citations and quotation marks omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted). "[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). The district court must also "consider whether selectively redacting just the . . . sensitive, and previously undisclosed, information from the sealed . . . documents and then unsealing the rest" would adequately protect

the privacy interests of the party seeking to seal court documents. *Id.* at 1304. "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).[1] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption" in favor of public access. *Colony Ins. Co.*, 698 F.3d at 1241 (internal quotation marks omitted).

On April 2, 2020, in compliance with the Court's Order Temporarily Sealing Response and Directing Filing of Redacted Response (Doc. 59), Defendant filed a redacted version of Plaintiff's summary judgment response in the public record. (*See* Doc. 60.) The Court has reviewed the redacted response and finds that: (1) the redactions are narrowly tailored to withhold from public view only Defendant's sensitive, confidential financial information; (2) Defendant has demonstrated a significant interest in keeping this limited information confidential; and, Defendant's interest in keeping this limited information confidential heavily outweighs the public interest in having access to it. Because an appropriately redacted version of Plaintiff's summary judgment response is in the public record, the Court will grant Defendant's motion to seal the original, unredacted version of the response.

IT IS THEREFORE ORDERED that Defendant's Unopposed Motion to Seal Plaintiff's Response to Galles Chevrolet Company's Motion for Summary Judgment (Doc. 58) is GRANTED. Plaintiff's Response to Galles Chevrolet Company's Motion for Summary Judgment on Plaintiff's Claims (Doc. 50), filed January 27, 2020, and all exhibits thereto, are hereby permanently sealed.

---

[1] In the Tenth Circuit, unpublished decisions are not binding precedent but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE